IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA, EASTERN DIVISION

| | |
|---|---|
| MINIATURE HEREFORD BREEDERS ASSOCIATION, INC.<br><br>    Plaintiff,<br><br>vs.<br><br>MINITURE HEREFORD JUNIOR NATIONAL ASSOCIATION,<br><br>    Defendant. | CIVIL ACTION NO.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Miniature Hereford Breeders Association, Inc. ("MHBA" or "Plaintiff") and for its Complaint against Miniature Hereford Junior National Association ("MHJNA" or "Defendant"), alleges as follows:

### NATURE OF CASE

1. This is an action for injunctive relief and damages under the Lanham Act, 15 U.S.C. § 1051, *et. seq.* and under Iowa common laws based on Defendant's wrongful use and infringement of federally registered service marks and trademarks owned by MHBA which include: (a) MINIATURE HEREFORD BREEDERS ASSOCIATION (U.S. Reg. No. 6,497,778), (b) MHJN (U.S. Reg. No. 6,627,783), (c) MINIATURE HEREFORD YOUTH FOUNDATION (U.S. Reg. No. 6,497,781), (d) MIINATURE HEREFORD JUNIOR NATIONALS (U.S. Reg. No. 6,479,115, (e) MINIATURE HEREFORD YOUTH FOUNDATION (U.S. Reg. 6,497,779 (the "Registered Trademarks").

### PARTIES

2. MHBA is a non-profit corporation organized and existing under the laws of the State of Nebraska with a principal place of business at 3977 Davis Creek Road, Silverton, OR 97381.

3. Upon information and belief, Defendant is a not-for-profit 501(c)(3) corporation organized and existing under the laws of the state of Oklahoma and maintains its principal place of business in the state of Oklahoma.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims in this action which relate to trademark infringement and false designation of origin and false descriptions pursuant to provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has supplemental jurisdiction over the claims in this action which arise under the statutory and common laws of the state of Iowa pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form a part of the same case or controversy and arise from a common nucleus of operative facts.

6. This Court has personal jurisdiction over the Defendant because (1) it conducts business in this jurisdiction, such as advertising and promoting its infringing marks via is website *available at* https://www.mhjn.org; (2) has infringed on the marks within this jurisdiction - including in connection with its annual show that took place in 2022; and (3) because various executives and committee members reside in Iowa, including its President and Committee Chair as well as five other Committee Members.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims alleged herein occurred in this District.

## FACTUAL BACKGROUND

8. MHBA's focus is to bring together Miniature Hereford breeders from across the United States and beyond to improve the breed, educate the public on the positive aspects of

owning Miniature Herefords and promoting the animals in the show world as an alternative to larger breeds of cattle.

### A. MHBA's Registered Trademarks

9. MHBA is the sole owner of U.S. Trademark Registration No. 6,497,778, for the mark MINIATURE HEREFORD BREEDERS ASSOCIATION ("the '778 Mark"), which registered on September 28, 2021 in connection with "association services, namely promoting the interests of miniature hereford cattle breeders and owners; association services, namely promoting public awareness of the miniature hereford cattle breed."

10. MHBA is also the sole owner of U.S. Trademark Registration No. 6,627,783 for the mark MHJN ("the '783 Mark"), which registered on January 25, 2022 in connection with "educational services, namely, providing breeder education courses, seminars, and workshops for youth to promote leadership development in the field of the miniature hereford cattle breed; organizing and arranging entertainment and educational exhibitions and competitions in the field of judging and showmanship related to the miniature hereford cattle breed."

11. MHBA is the sole owner of U.S Trademark Registration No. 6,497,781 for the mark MINIATURE HEREFORD YOUTH FOUNDATION ("MHYF" or "the '781 Mark"), which registered on September 28, 2021 in connection with "charitable foundation services, namely, providing fundraising activities, funding, scholarships and /or financial assistance for educational and promotional services relating to supporting youth participation in the breeding, raising, and marketing of miniature hereford cattle breed."

12. MHBA is the sole owner of U.S. Trademark Registration No. 6,479,115 for the mark MINIATURE HEREFORD JUNIOR NATIONALS ("the '115 Mark"), which registered on September 7, 2021 in connection with "educational services, namely, providing breeder education courses, seminars, and workshops for youth to promote leadership development in the

field of the miniature hereford cattle breed; organizing and arranging exhibitions and competitions in the field of the miniature hereford cattle breed."

13. MHBA has been using and promoting the '791 Mark in commerce since as early as 2001, the '783 Mark in commerce since at least as early as 2016, the '781 Mark in commerce since as early as 2010, and the '115 Mark in commerce since at least as early as 2015.

14. The Registered Trademarks are in full force and effect and are entitled to broad protection.

15. MHBA has expended significant amounts of time, effort, capital and resources and, in that respect, owns extremely valuable proprietary rights to the Registered Trademarks in connection with its association established to bring together breeders to improve the breed and to educate the public on the positive aspects of owning Miniature Herefords, including promoting the same through shows and educational programs.

16. The Registered Trademarks identify quality services and efforts originating exclusively with MHBA.

17. As a result of MHBA's widespread, continuous, and exclusive use of the Registered Trademarks to identify and promote its events, services and foundation related to the breeding, management, promotion, marketing, and ownership of Miniature Hereford cattle. As a result of this continual use, MHBA owns valid and subsisting federal statutory and common law rights to the Registered Trademarks.

18. The Registered Trademarks identify high quality services originating exclusively with MHBA. Members and anyone interested in Miniature Hereford's can view the services and goods offered and sold by MHBA via MHBA's website *available at* https://miniatureherefordbreeders.org.

**B. Defendant's Infringement of MHBA's Trademarks**

19. Upon information and belief, Defendant's Board and Executive team is made up, at least in part, by individuals who were previously associated with MHBA and familiar with MHBA's historical and continual use of the Registered Marks.

20. Upon information and belief, in or around Spring 2020, certain individuals separated from MHBA and formed the Defendant entity.

21. Sometime thereafter and long after MHBA's adoption and use of the Registered Trademarks, Defendant wrongfully adopted and began using the MINIATURE HEREFORD JUNIOR NATIONAL(S), MINIATURE HEREFORE JUNIOR NATIONALS ASSOCIATION and MHJNA marks ("Infringing Marks") in commerce. Defendant's use of the Infringing Marks has been in connection with the promotion of Miniature Hereford cattle, including an annual show, in direct competition with MHBA. Not only does Defendant compete with MHBA but its Infringing Marks are identical and/or substantially similar to MHBA's '115 Mark and '783 Mark. Defendant's use of Infringing Marks that are identical and/or substantially similar to MHBA's Registered Trademarks, to promote an event that competes directly with MHBA's event is likely to cause confusion.

22. On April 14, 2020, Defendant filed a federal trademark application with the United States Patent and Trademark Office for the mark MINIATURE HEREFORD JUNIOR NATIONALS alleging a date of first use of January 15, 2015. That application was abandoned on February 1, 2021, when Defendant failed to respond to an Office Action submitted in response to Defendant's application.

23. Upon information and belief, Defendant either knew and was well aware of MHBA's valuable and pre-existing proprietary rights in the Registered Trademarks or adopted its use of the Infringing Marks with reckless indifference to MHBA's valuable proprietary rights.

24. On or about April 8, 2022, MHBA, through its counsel, sent a letter notifying Defendant of MHBA's proprietary rights and demanded that Defendant immediately cease and desist its use of the Infringing Marks.

25. At some point following the April 8, 2022 letter, Defendant added the term "ASSOCIATION" to its public branding switching its mark from MINIATURE HEREFORD JUNIOR NATIONALS TO MINIATURE HEREFORD JUNIOR NATIONALS *ASSOCIATION*. (emphasis added).

26. Notwithstanding the foregoing, Defendant has failed and refused to cease its wrongful use of its confusingly similar name(s) and continues to assert rights in MHBA's Registered Trademarks via its use of the Infringing Mark.

27. Following the April 8, 2022 letter, MHBA and Defendant have attempted to resolve the dispute surrounding Defendant's use of Infringing Marks amicably. However, those efforts have failed requiring MHBA to file the present lawsuit to protect its trademark rights.

28. Defendant has continued to market, promote, and produce its youth exhibition event as well as its website utilizing the Infringing Marks which is likely to cause consumer confusion with MHBA's identical and/or substantially similar Registered Trademarks with full knowledge that such conduct infringes the proprietary rights of MHBA.

29. Defendant is not now, nor has it ever been associated, affiliated, or connected with or endorsed or sanctioned by MHBA.

30. Defendant's use of the Infringing Marks has caused and is likely to continue to cause consumers, the public and trade to erroneously believe that Defendant's events emanate or originate from MHBA, and/or that Defendant's organization, events and website are authorized, sponsored or approved by MHBA, which they are not. This confusion has taken place throughout the country, including in this jurisdiction.

31. Defendant has acted with reckless disregard for MHBA's valid rights and/or was willfully blind in connection with its unlawful activities. Alternatively, Defendant intentionally engaged in its infringing activities. As a result, this case constitutes an exceptional case under 15 U.S.C. § 1117(a) and/or a case of intentional counterfeiting under 15 U.S.C. § 1117(b).

32. As a consequence of Defendant's wrongful conduct, MHBA has suffered irreparable harm and damage.

33. MHBA has no adequate remedy at law.

## COUNT I

## TRADEMARK INFRINGEMENT

34. MHBA incorporates the allegations in paragraphs 1 through 33 of its Complaint as if fully set forth herein.

35. MHBA's Registered Trademarks are strong and entitled to broad protection.

36. Based upon MHBA's long and extensive advertising and promotion of its name, association, foundation, events, and educational services under the Registered Trademarks together with the popularity of the Registered Trademarks, the Registered Trademarks are immediately associated by consumers, the public and the trade as being a service, name, or affiliate of MHBA.

37. Defendant's unauthorized, continued and willful use in commerce of the Infringing Marks as described above constitutes Defendant's use in commerce of MHBA's Registered Trademarks and is likely to cause confusion and deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods/services, and likewise has and will likely continue to cause consumers to believe, contrary to fact, that Defendant's goods/services are sold, authorized, endorsed, sponsored or affiliated with MHBA. Defendant's conduct therefore

constitutes infringement of the Registered Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

38. Defendant has intentionally used a name confusingly similar to the Registered Trademarks knowing that they are the exclusive property of MHBA in connection with the marketing, promotion, and advertising of services and association in the miniature Hereford industry.

39. On information and belief, Defendant's wrongful conduct has been willful, intentional and/or in reckless disregard of MHBA's aforesaid rights.

40. Defendant's wrongful conduct has resulted in irreparable damage to MHBA and will continue to irreparably damage MHBA until enjoined by this Court. MHBA is without an adequate remedy at law.

41. MHBA is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117 together with prejudgment and post-judgment interest as allowed by law.

## COUNT II

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

42. MHBA incorporates the allegations in Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. Defendant's conduct including, but not limited to, use of the Infringing Marks, which is identical to and/or confusingly similar to MHBA's Registered Trademarks, falsely represents that Defendant and its aforesaid products as being affiliated, connected or associated with or sponsored or approved by MHBA in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Defendant's aforesaid acts constitute use of a false designation of origin, misleading description and representation of fact and unfair competition with MHBA and result in Defendant's unjust enrichment.

45. Defendant's initial conduct and continued conduct even after being notified of MHBA's rights, as set forth more fully above is willful and intended to, and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with MHBA.

46. Defendant's conduct as set forth more fully above constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Defendant's wrongful conduct has resulted in irreparable harm and injury to MHBA and will continue to irreparably damage MHBA until enjoined by this Court. MHBA is without an adequate remedy at law.

48. MHBA is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117 together with prejudgment and post-judgment interest as allowed by law.

## COUNT III

### VIOLATION OF IOWA CONSUMER FRAUDS ACT
### (IOWA CODE § 714H.1 *ET SEQ*.)

49. MHBA incorporates the allegations in Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50. The conduct of Defendant alleged herein also constitutes deceptive trade practices in violation of the Iowa Private Right of Action for Consumer Frauds Act, Iowa Code § 714H.1 *et. seq.*, including but not limited to, Iowa Code § 714H.3.

51. MHBA has been irreparably harmed and/or suffered damages as a proximate result of Defendant's actions.

52. As a result of the conduct of Defendant set forth more fully above, MHBA is entitled to all of the legal remedies as allowed by law under the Iowa Private Right of Action for Consumer Frauds Act, Iowa Code § 714H.1 *et. seq.*

## COUNT IV

### STATE TRADEMARK INFRINGEMENT
### (IOWA CODE § 548.112 *ET SEQ.*)

53. MHBA incorporates the allegations in Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54. Defendant's use of the Registered Trademarks without the authorization or consent of MHBA as detailed above, is likely to cause and has caused consumer confusion, mistake, or deception as to the source, origin, affiliation, or endorsement of the services offered by Defendant.

55. The conduct of Defendant as stated above constitutes infringement, false designation or origin, false affiliation, and unfair competition in violation of Iowa Code §§ 548.112 and 548.116.

56. Upon information and belief, Defendants engaged in such acts with the intent to deceive, mislead, and/or confuse relevant consumers as to whether there was an affiliation, connection, or association between Defendants and MHBA.

57. Upon information and belief, Defendant's conduct alleged within has actually deceived relevant consumers and/or tends to deceive of a substantial number of action and/or potential consumers.

58. As a result of the foregoing, MHBA has suffered, and will continue to suffer, damage, including damage to its reputation and good will.

59. This is an exceptional case under Iowa Code § 548.114 and the circumstances of this case, particularly because Defendant knowingly and in bad faith infringed the Registered Marks have demonstrated a specific intent to infringe.

60. As a result of Defendant's state trademark infringement, MHBA is entitled to entitled to all remedies under Iowa Code §§ 548.112 and 548.114, including but not limited to, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under law, together with prejudgment and post-judgment interest.

## COUNT V

### VIOLATION OF STATE ANTI-DILUTION LAWS
### (IOWA CODE § 548.113 ET SEQ.)

61. MHBA incorporates the allegations in Paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62. The conduct of Defendant as stated above is diluting the distinctive quality of the Trademarks in violation of Iowa Code § 548.113.

63. Upon information and belief, Defendant's acts of dilution and tarnishment are willful, deliberate, and in bad faith,

64. As a result of the conduct of Defendant, MHBA is entitled to all remedies under Iowa Code §§ 548.113 and 548.114, including but not limited to, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under law, together with prejudgment and post-judgment interest.

## COUNT VI

### VIOLATION OF IOWA COMMON LAW

65. MHBA incorporates the allegations in Paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66. The aforementioned acts of Defendant constitute infringement, dilution, unfair competition, and deceptive trade practices under the common law of the State of Iowa. *See* Iowa Code § 548.116.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues to triable and requests a trial in Council Bluffs, Iowa.

WHEREFORE, MHBA prays that:

1. Defendant and its officers, agents, servants, employees, franchisees and attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from using in any manner the designation MINIATURE HEREFORD JUNIOR NATIONAL(S), MINIATURE HEREFORD JUNIOR NATIONALS ASSOCIATION, MHJNA or any other confusingly similar imitation of the Registered Trademarks in connection with their business or services, including but not limited to the advertising of those services and use of the above referenced designations in any manner whether alone or in association with other words or symbols.

2. Defendant be required, in accordance with 15 U.S.C. § 1118 and state law, to deliver to MHBA for destruction all items which in any way or manner depict the name MINIATURE HEREFORD JUNIOR NATIONAL(S), MINIATURE HEREFORD JUNIOR NATIONAL ASSOCIATION, MHJNA or any other confusingly similar imitation of the Registered Trademarks, whether used alone or in association with other words or symbols.

3. MHBA shall be awarded all damages it has sustained as a consequence of Defendant's infringement of the Trademarks or any unfair competition.

4. Awarding MHBA all gains, profits, and advantages derived by the Defendant's infringement of the Registered Trademarks or any unfair competition and that the same be held in constructive trust for the benefit of MHBA.

5. Awarding MHBA prejudgment interest on all recoverable damages at the legal pre-judgment rate and interest on said sums at the legal judgment rate from the date of said judgment.

6. Awarding MHBA costs of the action as authorized by law.

7. Awarding MHBA treble the amount of actual damages suffered by it as authorized by law.

8. Awarding MHBA reasonable attorneys' fees as authorized by law.

9. MHBA shall have such other and further equitable relief as the Court deems just and equitable.

Dated this 8th day of January 2026.

    MINIATURE HEREFORD BREEDERS ASSOCIATION, INC., Plaintiff

By: _____
Luke C. Holst
Brian T. McKernan, *admission forthcoming*
Alexander K. Shaner, *admission forthcoming*
Jeanne J. Kelley, *admission forthcoming*
McGrath North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge St.
Omaha, Nebraska 68102
(402) 341-3070
(402) 341-0216 fax
lholst@mcgrathnorth.com
bmckernan@mcgrathnorth.com
ashaner@mcgrathnorth.com
jkelley@mcgrathnorth.com

*Attorneys For Plaintiff*